
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 15-CR-35 |
| – against – | Statement of Reasons for Sentencing Pursuant to 18 U.S.C. § 3553(c)(2) |
| ANSHUMAN ROHITKUMAR BHATT, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.    Introduction ............................................................................................................. 1
II.   Offense Level and Category ..................................................................................... 2
III.  Law ........................................................................................................................... 2
IV.   18 U.S.C. § 3553(a) Considerations ........................................................................ 2
V.    Sentence ................................................................................................................... 3
VI.   Conclusion ............................................................................................................... 4

I.    **Introduction**

On January 18, 2015, Anshuman Rohitkumar Bhatt was arrested at John F. Kennedy International Airport in Queens, New York when he sought to enter the United States on a fraudulently obtained visa.

On February 5, 2015, Anshuman Rohitkumar Bhatt pled guilty to one count of visa fraud. 18 U.S.C. § 1546(a).

On February 20, 2015, Mr. Bhatt was sentenced to time served and a term of supervised release of three years. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re*

1

*Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total offense level is 6. The criminal history category is I, yielding a guidelines imprisonment range of 0–6 months.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing. 18 U.S.C. § 3553(a)(1).

Mr. Bhatt is citizen and resident of India. He grew up in a lower middle class family and he attended the Gugarati Institute of Hotel Management, where he earned a bachelor's degree in Business Administration. His grades were well above average. Mr. Bhatt has no history of alcohol or substance abuse and does not gamble.

Now thirty-years old, Mr. Bhatt supports his parents, aunt and two siblings, all currently residing in India, through various jobs in outsourcing, and in the hotel and lodging industry. Mr. Bhatt's father's health is failing due to arthritis.

At the time he arrived in the United States, Mr. Bhatt was unemployed. He had hoped that a visit to the United States would improve his marketability, thereby enabling him to earn more money to support his family. Mr. Bhatt has a job offer in India waiting for him when he returns. He cares deeply about his family and wishes to return home to care for them.

There is no indication that Mr. Bhatt will attempt to engage in any future visa fraud.

### V.     Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Mr. Bhatt's sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Bhatt was sentenced to time served and a term of supervised release of three years. *See supra* Part IV; U.S.S.G. § 5D1.1(a). A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A).

A $200 fine was levied, payable in one month.

The government is requested to ensure that Mr. Bhatt's property is returned to him.

3

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 4, 2015
Brooklyn, New York